B18W (Form 18W) (08/07)

# United States Bankruptcy Court

Northern District of Illinois

**Case No. 14−06902**

**Chapter 13**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

James Franklin Twomey III
aka James F. Twomey, aka Jim Twomey, ...
964 Sanctuary Drive
New Lenox, IL 60451

Social Security / Individual Taxpayer ID No.:
xxx−xx−8551

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

If the trustee has filed and served a notice pursuant to Section B2 (b) of the debtor's plan, and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.

FOR THE COURT

Dated: November 12, 2014

Jeffrey P. Allsteadt, Clerk
United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

*Form 18W (08/07)*

**EXPLANATION OF BANKRUPTCY DISCHARGE**
**IN A CHAPTER 13 CASE**

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

**Debts that are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for most taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Northern District of Illinois

In re:
James Franklin Twomey, III
Debtor

Case No. 14-06902-BWB
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0752-1 User: esullivan Page 1 of 1 Date Rcvd: Nov 12, 2014
Form ID: b18w Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 14, 2014.

db +James Franklin Twomey, III, 964 Sanctuary Drive, New Lenox, IL 60451-5626
21588475 +Brittany Twomey, 964 Sanctuary Drive, New Lenox, IL 60451-5626
21588476 +Brookwood on the Greens, #190 Condominium Association, 14224 McCarthy Road, Lemont, IL 60439-9393
21588478 +Chase, 3415 Vision Drive, Mail Code OH4-7142, Columbus, OH 43219-6009
21588479 +Coldwell Banker Residental, 2690 E. Main Street, Saint Charles, IL 60174-2443
21588480 Equifax Information Services, LLC, 1550 Peachtree Street NW, Atlanta, GA 30309
21588481 +Experian Information Solutions, Inc., 475 Anton Boulevard, Costa Mesa, CA 92626-7037
21688425 +OCWEN Loan Servicing LLC, Codilis & Associates PS, 15W030 N Frontage Rd suite 100, Burr Ridge, IL 60527-6921
21588482 +Ocwen Loan Servicing, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409-6493
21588483 +Ocwen Loan Servicing, P.O. Box 6440, Carol Stream, IL 60197-6440
21652405 +Ocwen Loan Servicing, LLC, c/o Codilis & Associates, P.C., 15W030 North Frontage Rd, Suite 100, Burr Ridge, IL 60527-6921
21588484 +Ocwen Mortgage, Attn: Bankruptcy, P.O. Box 24738, West Palm Beach, FL 33416-4738
21588485 +Trans Union LLC, 1561 E. Orangethorpe Avenue, Fullerton, CA 92831-5210

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

21588472 +EDI: GMACFS.COM Nov 13 2014 01:58:00 Ally, P.O. Box 380901, Minneapolis, MN 55438-0901
21629699 EDI: GMACFS.COM Nov 13 2014 01:58:00 Ally Bank serviced by Ally Servicing LLC, PO Box 130424, Roseville, MN 55113-0004
21588474 EDI: GMACFS.COM Nov 13 2014 01:58:00 Ally Financial, PO Box 9001951, Louisville, KY 40290-1951
21588473 +EDI: GMACFS.COM Nov 13 2014 01:58:00 Ally Financial, 200 Renaissance Center, Detroit, MI 48243-1300
21588477 +EDI: CHASE.COM Nov 13 2014 02:03:00 Chase *, ATTN: Bankruptcy Department, P.O. Box 15298, Wilmington, DE 19850-5298
21588482 +E-mail/Text: vanessa.mass@ocwen.com Nov 13 2014 02:19:59 Ocwen Loan Servicing, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409-6493

TOTAL: 6

***** BYPASSED RECIPIENTS *****

NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 14, 2014 Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 12, 2014 at the address(es) listed below:

Glenn B Stearns mcguckin_m@lisle13.com
Maria Georgopoulos on behalf of Creditor Ocwen Loan Servicing, LLC nd-three@il.cslegal.com
Nathan C Volheim on behalf of Debtor James Franklin Twomey, III courtinfo@sulaimanlaw.com, nvolheim@sulaimanlaw.com;mbadwan@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com ;sulaiman.igotnotices@gmail.com
Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov

TOTAL: 4